John SNIDERHAN, Plaintiff—
Appellant,

v.

Jo Anne BARNHART,* Commissioner
of Social Security, Defendant—
Appellee.

No. 01–16493.

D.C. No. CV–00–00176–WDB.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 17, 2003.**

Decided Feb. 11, 2003.

* Jo Anne Barnhart is substituted for her predecessor, Kenneth S. Apfel, as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HUG, ALARCÓN and GRABER, Circuit Judges.

### MEMORANDUM ***

John Sniderhan appeals the district court's order affirming the Commissioner of the Social Security Administration's (the "Commissioner") denial of Social Security Disability Insurance ("SSDI") benefits. On appeal, Sniderhan contends that the administrative law judge ("ALJ") improperly rejected his treating physician's opinion regarding the severity of his disability and his residual functional capacity ("RFC"). Additionally, Sniderhan contends that the ALJ's rejection of his testimony was not supported by substantial evidence or based on correct legal standards. The parties are familiar with the facts, so they are not recited here except as necessary to explain our judgment.

We review de novo a district court's order upholding a denial of social security benefits. *Pagter v. Massanari*, 250 F.3d

1255, 1258 (9th Cir.2001). We will uphold the decision of the Commissioner if it is supported by substantial evidence and based on correct legal standards. *Id.*

Sniderhan argues the ALJ improperly rejected his treating physician's opinion with regard to the severity of his disability and his RFC. We disagree. A treating physician's opinion is not necessarily conclusive as to the ultimate issue of a disability and may be rejected so long as the ALJ provides "clear and convincing" reasons for doing so. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989).

In rejecting Dr. Marsh's opinion and making his own RFC assessment, the ALJ properly provided clear and convincing reasons, which were supported by substantial evidence. For example, the ALJ referred to Dr. Baldwin's opinions, which reported that Sniderhan had improved, was "doing well," and was performing light yard work. Additionally, the ALJ explained that despite Dr. Marsh's opinion that Sniderhan was disabled, other reports from Dr. Marsh were consistent with Dr. Baldwin's reports, in that both indicated Sniderhan could perform light-duty work. The ALJ's decisions to credit the opinion of Dr. Baldwin over the opinion of Dr. Marsh and to make his own RFC assessment were supported by clear and convincing reasons, were supported by substantial evidence, and were free of legal error. Thus, we find that the ALJ did not err.

Sniderhan also contends that the ALJ improperly rejected his testimony. An ALJ may reject a claimant's testimony as not credible by providing specific findings as to what testimony is not credible and identifying what evidence undermines the claimant's testimony. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995). Con-

trary to Sniderhan's assertion, the ALJ also provided clear and convincing reasons for rejecting Sniderhan's testimony. This was done by addressing Sniderhan's complaints, such as depression and headaches, and noting the inconsistencies between Sniderhan's testimony and the record. The ALJ then determined that Sniderhan's complaints of pain were not credible to the extent alleged. Further, substantial evidence exists in the record to support the ALJ's findings. Therefore, the ALJ properly rejected Sniderhan's subjective pain testimony.

Because the ALJ's determinations were supported by clear and convincing reasons and substantial evidence, including the step-five determination that Sniderhan is not disabled because he can perform light-duty work, the judgment of the district court is AFFIRMED.

---

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts